**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LATROY AGBOHLA,**

**Petitioner,**

**v.**

**NORTH CENTRAL CORRECTIONAL COMPLEX,**

**Respondent.**

**CASE NO. 2:15-cv-2408**

**JUDGE ALGENON L. MARBLEY**

**Magistrate Judge Kemp**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...." For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

## I. PROCEDURAL HISTORY

According to the petition, Petitioner was sentenced in the Franklin County Common Pleas Court on August 28, 2013, to a seven-year sentence for possession of heroin and for possession of and trafficking in cocaine. He pleaded guilty to the trafficking charge and no contest to the two possession counts. According to the records of the Franklin County Court of Common Pleas, there were two separate cases, one

involving the trafficking charge, and one involving the two possession charges. Those records show that Petitioner received a six-year sentence on the possession counts, and a consecutive 12-month sentence on the trafficking charge.

Petitioner appealed his convictions on the possession counts (it does not appear, from the state court records, that he appealed the trafficking conviction) to the Tenth District Court of Appeals, which, on June 19, 2014, affirmed the trial court. *See State v. Agbohla*, 2014 WL 2809292 (Franklin Co. App. June 19, 2014). He took a further unsuccessful appeal to the Ohio Supreme Court, which denied him leave to appeal. *State v. Agbohla*, 140 Ohio St.3d 1467 (Oct. 22, 2014). He then filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, and the case was subsequently transferred to this Court.

In the state court of appeals, Petitioner raised a single assignment of error, stated by the state court of appeals as follows:

> The trial court erred to the prejudice of the defendant-appellant when it overruled the motion to suppress the evidence obtained during the warrantless search of defendant-appellant[']s residence despite the failure of the officer who performed the search to testify as to reasonable, articulable grounds to perform said search.

*State v. Agbohla*, 2014 WL 2809292, *2. According to the petition, this was also the only ground he raised in his appeal to the Ohio Supreme Court. Although he does not specify what claim he intends to raise in his habeas corpus petition (in the section of the petition asking him to state the reasons he is being held in violation of the Constitution of the United States, he put "N/A"), it is fair to assume that he intends to raise the same

issue here. As relief, he asks this Court to "[o]verturn the ruling of the Lower Courts and Remand this Case Back to the Trial Court. Petitioner seeks Relief from the Unreasonable Search and Seizure, with Instructions." The question raised by the petition is whether the Fourth Amendment claim which Petitioner has raised is one on which a federal court may grant relief.

## II. ANALYSIS

Not every claim that a state court defendant was convicted in violation of the United States Constitution can be heard by a federal court through the filing of a habeas corpus petition. In particular, claims that a search and seizure violated the Fourth Amendment cannot be raised or decided in a federal habeas proceeding if the Petitioner had a full and fair opportunity to litigate the same issue in the state court. That has been the law since the United States Supreme Court decided the case of *Stone v. Powell*, 428 U.S. 465 (1976), and it is the law today. *See Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013)("*Stone v. Powell* in the main prohibits federal habeas corpus review of a state prisoner's Fourth Amendment claim"). As the *Good* court explained, a Fourth Amendment claim does not raise issues of guilt or innocence, whereas "the key purpose of federal habeas corpus is to free innocent prisoners." *Id*. Also, excluding such evidence by granting a writ of habeas corpus does not do much to deter law enforcement officials from conducting illegal searches; that deterrence comes from excluding the evidence at trial.

It is true that this rule "applies only to prisoners who received 'the opportunity

for full and fair consideration' of their claims in state court." *Id*. at 638. What that means is that if a petitioner had "an available avenue" to bring his Fourth Amendment claim to the attention of the state courts, he or she had the "opportunity" described in *Stone v. Powell*. *Id*. at 639. It does not permit a federal court to review the merits of a claim which may have been wrongly decided by the state courts. And it is generally presumed that if the claim is brought before a state court judge, "the state judge will use a fair procedure to achieve a just resolution of the claim...." *Id*.

The Sixth Circuit Court of Appeals has recognized that "[t]he mechanism provided by the State of Ohio for the resolution of fourth amendment claims is, in the abstract, clearly adequate." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). That mechanism includes the ability to file a pretrial motion to suppress and an appeal from the denial of such a motion. Petitioner had that opportunity here. Further, he has not shown that the state courts did anything to frustrate the operation of an otherwise fair procedure. *See id*; *see also Render v. Warden, Southern Ohio Correctional Facility*, 889 F.Supp.2d 1014, 1020 (S.D. Ohio 2012)(denying review of a Fourth Amendment claim where "Petitioner was provided a full and fair opportunity in the state courts to litigate his Fourth Amendment claim and the presentation of the claim was not thwarted by any failure of the State's corrective process"). Consequently, this Court may not review the state courts' decisions on the merits of Petitioner's unlawful search and seizure claim, and his petition, which raises only that claim, must be dismissed.

**III. RECOMMENDED DISPOSITION**

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** because Petitioner's Fourth Amendment claim cannot be raised in federal habeas corpus.

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge